```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SAMUEL LONGINO,

      Plaintiff,

v.                                  Case No: 2:23-cv-164-JES-KCD

MELINDA MASTERS, Facility Administrator, JON P. CARNER, Assistant Facility Administrator, COURTNEY JONES, Clinical Director, and KERI FITZPATRICK, Recreation Therapist,

      Defendants.
_____/

## ORDER

Samuel Longino, a civilly-committed resident of the Florida Civil Commitment Center ("FCCC"), commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1). Longino alleges that the FCCC does not have a constitutionally adequate law library, does not employ legally-trained computer technicians, and does not allow other residents to assist him with his legal work.  The complaint is now before the Court for initial screening under 28 U.S.C. § 1915(e)(2)(B).  After careful review, the Court dismisses Longino's complaint for failure to state a claim on which relief may be granted.

### I.  Complaint

In his complaint, Longino generally contends that he does not have adequate access to a law library or legal assistance at the

FCCC. (Doc. 1). He asserts that the FCCC's computer lab, which functions as the only legal library, has only twenty computer workplaces to accommodate approximately 569 residents. (Id. at 9, ¶¶ 39, 41). Only ten of the computers are designated as legal computers, with five designated for research and the other five for writing. (Id. ¶ 42). Defendant Fitzpatrick, who is not trained in the law, runs the computer lab. (Id. ¶ 45). Longino is allowed, on average, four and a half hours per week in the computer lab to conduct legal research and draft legal documents. (Id. ¶ 44). He cannot mix and match legal research and writing time. Rather, if he completes his legal research within his designated time period, he must wait until his next lab session to do his legal writing. (Id. at 10, ¶ 47). Residents who work in the computer lab are untrained in the law and forbidden from helping other residents. (Id. ¶ 49). Moreover, the defendants have a policy prohibiting residents from providing fellow residents with legal assistance of any kind. (Id. ¶¶ 48, 56).

Longino asserts that on two separate occasions, his pleadings were dismissed "because they were deemed to be legally insufficient for lack of enough time to conduct adequate, effective, and meaningful legal research." (Doc. 1 at 3, ¶ 11). In the first instance, the state court denied Longino's petition for a belated appeal and/or writ of habeas corpus. (Id. at 4, ¶ 14). Next, he argues that he is unsure how to exhaust his administrative remedies

2

and is, therefore, unable to file a habeas corpus petition under Florida Statute § 394.9214 of the Jimmy Ryce Act. (Id. at 7, ¶ 29).[1] He does not identify any state habeas petition that was actually dismissed for lack of exhaustion.

In addition to the claims alleging a First Amendment denial of access to the courts, Longino brings claims under the Eighth and Fourteenth Amendments and state-law negligence claims. (Doc. 1 at 10-13). Longino seeks both damages and injunctive relief. (Id. at 14-17).

## II.  Legal Standards

### A.  28 U.S.C. § 1915(e)(2)(B)[2]

Longino was granted leave to proceed *in forma pauperis*. (Doc. 12). A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which

---

[1] The Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators' Treatment and Care Act, Fla. Stat. 394.910–394.932, provides for the confinement of certain sexual offenders who are found likely to engage in future acts of sexual violence if they are not held in a secure facility for long-term control, care, and treatment. Under Florida Statute § 394.9215(1)(a), a civilly committed person may file a petition for habeas corpus in state court alleging that his conditions of confinement violate a statutory or constitutional right.

[2] Despite Longino's non-prisoner status, this complaint is subject to initial review under 28 U.S.C. § 1915(e)(2)(B). See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (recognizing that the district court did not err when it dismissed a complaint filed by a civil detainee for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

relief may be granted.  28 U.S.C. § 1915(e).  Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)   the allegation of poverty is untrue; or
>
> (B)   the action or appeal-
>
>   (i)   is frivolous or malicious;
>
>   (ii)  fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under section 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist.  Id. at 327.  In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous.  Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6).  See Mitchell v.

Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In making the above determinations, all factual allegations (as opposed to legal conclusions) in the complaint are viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must construe the plaintiff's *pro se* allegations liberally. Haines v. Kerner, 404 U.S. 519 (1972).

    **B.**    **42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 imposes liability on persons who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]". 42 U.S.C. § 1983. Therefore, to state a claim under section 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). Additionally, where a plaintiff seeks to impose liability on one who is not an active

5

participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380-1381 (11th Cir. 1982)

### III. Discussion

#### A. Longino has not stated a First Amendment claim.[3]

Longino generally alleges that his right to access the courts has been impeded by the defendants' restrictions on the amount of

---

[3] This section addresses Longino's First and Eighth Amendment claims. Longino asserts that the defendants have subjected him to cruel and unusual punishment under the Eighth Amendment because they do not allow him sufficient time in the computer lab to conduct research and draft legal documents. (Doc. 1 at 11-13, ¶¶ 54-63). He also asserts that Defendants Masters, Carner, Jones, and Fitzpatrick subjected him to cruel and unusual punishment by putting a rule in place forbidding him to seek legal assistance from fellow residents. (Id. at 12, ¶ 57). He asserts that Defendant Fitzpatrick subjected him to cruel and unusual punishment by refusing to hire computer lab workers who are trained in the law to assist him with his legal work. (Id. at 11, ¶ 56). The Eighth Amendment applies to prisoners, not civilly committed residents. But Longino may raise "cruel and unusual punishment" claims under the Fourteenth Amendment, which grants him rights that are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983). Even so, "only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotations omitted). The types of claims raised here do not involve the infliction of pain or denial of medical care generally associated with Eighth Amendment violations. Rather, these claims focus on Plaintiff's alleged inability to effectively litigate his cases, and they arise under the First Amendment. Therefore, the Court addresses them as First Amendment claims, as made applicable to the states by the Fourteenth Amendment.

time the residents may spend in the legal library at the FCCC. He also alleges that the FCCC does not hire legal assistants who are trained in the law or allow other FCCC residents to provide him with legal assistance.

The interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. Lewis v. Casey, 518 U.S. 343 (1996). However, a confined individual does not have a freestanding right to a law library or other forms of legal assistance. Id. at 350. Rather, to state an access-to-the-courts claim ("access claim"), any alleged infringement of Longino's right to access the courts "must have frustrated or impeded [his] efforts to pursue a nonfrivolous legal claim." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998). However, conclusory allegations of injury or prejudice are insufficient. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis, 518 U.S. at 351. Rather, "the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002). Neither of Longino's allegations of injury provide standing for his First Amendment claims.

Longino first asserts that he was denied a bench trial at a January 27, 2017 probable cause hearing. (Doc. 1 at 4, ¶ 4).

7

Longino's court-appointed attorney "declared in open court" that she planned to appeal the denial. (Id. ¶ 16). She wrote Longino a letter assuring that she would submit his case for appeal. (Id. ¶ 17). After more than four years passed, Longino wrote a letter to the Clerk of Court for the Third District Court of Appeal and was told that no appeal had been filed. (Id. at 5, ¶¶ 20-21). Thereafter, Longino's petition for a belated appeal was denied. (Id. at 4, ¶ 14). Longino asserts that "had Defendants made legal assistance available to Plaintiff by persons trained in the law to adequately, effectively, and meaningfully assist him in the preparation of drafting his petition for a belated appeal and/or writ of habeas corpus, it would not have been dismissed." (Id. ¶ 22).

Longino's conclusory assertion of injury from the denial of his request for a belated appeal is insufficient to establish standing for a First Amendment claim. Longino does not assert that he was *prevented* from filing a petition for a belated appeal in state court or that the denial of the petition was "for failure to satisfy some technical requirement which, because of deficiencies in the [FCCC's] legal assistance facilities, he could not have known." Lewis, 518 U.S. at 351. Nor does he advise this Court of the specific issue he wished to research or raise in his petition for belated appeal but was prevented from doing so by his limited access to the FCCC legal library. Instead, he argues that

he did not file a very good petition for belated appeal and that—if provided access to more legal assistance—he *might* have been able to draft a better one. But there is no constitutional mandate suggesting "that the State must enable the prisoner . . . to litigate *effectively* once in court." Lewis, 518 U.S. at 354 (emphasis supplied); see also id. at 360 ("[T]he Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance.") Simply put, Longino offers nothing, beyond speculation and hope, suggesting that the Third DCA would have reached a different decision on his petition for a belated appeal had he been provided more time in the FCCC legal library or access to a legal assistant.[4]

Likewise, Petitioner now argues that he would like to file a petition for writ of habeas corpus in state court, challenging the

---

[4] A review of the state court website does not support a conclusion that Plaintiff has been "shut out" of state court in any manner by the lack of an adequate legal library at the FCCC. See https://www2.miamidadeclerk.gov/cjis/CaseSearch.aspx (search: Longino, Samuel). Even after the January 17, 2017 probable cause hearing, the state court found that Plaintiff continued to satisfy the criteria for a sexually violent predator at least twelve more times, the latest as recently as September 13, 2023. (See State Case No. 13-2005-CF-031485-001 at docket entries 277, 287, 283, 299, 300, 301, 307, 313, 318, 333, 339, 341, 345). And in the hearings preceding those findings, Petitioner was represented by counsel. (See id at docket entries 299, 300, 301, 319, 324, 325, 326, 334, 335, 336).

conditions of his confinement, but he cannot do so because he is not sure what "exhaustion of administrative remedies" means under Florida Statute § 394.9215 and he is not "sure what exactly it is he is supposed to do before filing his habeas corpus petition." (Doc. 1 at 7, ¶ 28).[5] He asserts that, had he been able to file a habeas corpus petition under section 394.9215 of the Jimmy Ryce Act, he "would have been . . . released from the custody of the Department of Children and Family Services." (Id. ¶ 30). Petitioner does not identify any unconstitutional or illegal condition of confinement he would challenge in a petition for writ of habeas corpus if he knew how to exhaust his administrative

---

[5] Section 394.9215, titled "Right to habeas corpus," provides in subsection (1)(a):

> At any time after exhausting all administrative remedies, a person held in a secure facility under this part may file a petition for habeas corpus in the circuit court for the county in which the facility is located alleging that:
>
> 1. The person's conditions of confinement violate a statutory right under state law or a constitutional right under the State Constitution or the United States Constitution; or
>
> 2. The facility in which the person is confined is not an appropriate secure facility, as that term is used in s. 394.915.

Plaintiff does not indicate under which provision he wishes to file or explain how he cannot research this statute during the four and a half hours per week he is allowed access to legal research.

remedies, nor does he assert that the FCCC "is not an appropriate secure facility" such that a state habeas petition is appropriate. Therefore, he merely speculates that if he knew how to exhaust his administrative remedies, he could file a successful habeas petition. But this conclusory statement, without a description of an actual unconstitutional condition, is insufficient to state a First Amendment access claim. See Christopher, 536 U.S. at 415 ("[T]he underlying cause of action [undergirding an access claim], whether anticipated or lost, is an element that must be described in the complaint[.]").

Both Longino's unsuccessful request for a belated appeal and his unsupported claim that he would like to file a state habeas petition are insufficient to support a finding that he has standing to bring any First Amendment access claim, and those claims are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Longino has not stated an Equal Protection claim.**

Longino alleges that the defendants "denied Plaintiff equal protection of the law by allotting him less time in the computer lab to do legal work, and allotting Level 5 residents more time in the computer lab to do legal work." (Doc. 1 at 13, ¶ 64). In other words, it appears that FCCC residents who complete a higher level of psychiatric care are allowed more time in the computer lab.

11

To plead an equal-protection claim, a plaintiff must allege: (1) that he has been treated differently than "similarly situated" individuals; and (2) that the discrimination is based upon a constitutionally impermissible basis, such as race, religion, national origin, or some other protected right. Sweet v. Sec'y Dep't of Corr., 467 F.3d 1311, 1319 (11th Cir. 2006). The equal protection clause prohibits only intentional discrimination. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Here, Longino alleges that he is treated differently than other FCCC residents because he is allowed fewer hours to access the computer lab. However, the difference in treatment is based upon the residents' treatment levels, which is not a constitutionally impermissible basis for discrimination. Thus, Longino has not stated an equal protection claim, and it is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.  The Court will not exercise supplemental jurisdiction over Longino's negligence claims.**

Finally, Longino asserts that Defendants Masters, Carner, and Jones failed to supervise Defendant Fitzpatrick to ensure that she did not frustrate or impede his access to the courts. (Doc. 1 at 10-11, ¶ 52). He asserts that Defendants Masters, Carner, and Jones "neglected to rectify the deficiencies that exist in the computer lab when they were apprised of them (the deficiencies) by

the Plaintiff in his cover letter accompanying his proposal for a facility law library." (Id. ¶ 53). These claims sound in negligence, which is a state-law action.

Because all of Longino's federal claims are dismissed, the Court declines to exercise jurisdiction over his state-law negligence claims and dismisses them without prejudice to Longino raising them in state court. See Carnegie-Mellon Univ. v. Cohil, 484 U.S. 343, 350 (1988) (recognizing that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction").

## IV. Conclusion

Generally, the Court grants a *pro se* plaintiff an opportunity to amend before dismissing a case if it appears that a more carefully drafted complaint might state a claim. Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019). However, leave to amend is unnecessary when further amendment would be futile. Id. at 1133. Even with amendment, Longino's access claims would fail because he has not identified an underlying claim that was frustrated by the defendants' restrictions, and "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000). Further, Longino has not shown that the FCCC's rule basing the residents' time in the

13

computer lab on their care level implicates the Equal Protection Clause. Longino cannot cure these deficiencies by amendment, and the complaint is therefore dismissed without prejudice.

Accordingly, it is now **ORDERED**:

1. The constitutional claims raised in Longino's 42 U.S.C. § 1983 complaint are **DISMISSED** for failure to state a claim on which relief may be granted.
2. The Court declines to exercise jurisdiction over Longino's state-law negligence claims, and they are **DISMISSED** without prejudice to Longino raising them in state court.
3. The **Clerk** is **DIRECTED** to deny any pending motions as moot, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on November 1st, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies to:     Samuel Longino

14